IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**ROBERT REYNOLDS,**

    Plaintiff,

v.                                             Civil Action No. **3:07CV700**

**NORTHERN NECK REGIONAL
JAIL AUTHORITY,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

The matter is before the Court on Defendants' motion for summary judgment. It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Litigants may not thrust upon the Court the burden of combing through the record to make a case on their behalf. *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) ("'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" (*quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992))). Moreover, the Local Rules for the Eastern District of Virginia provide that: "Each brief in support of a motion for summary judgment shall include a specifically captioned section listing all material facts as to which the moving party contends there is no genuine issue and *citing the parts of the record relied on to support the listed facts as alleged to be undisputed.*" E.D. Va. Loc. Civ. R. 56(B) (emphasis added).

Defendants' brief in support of the motion for summary judgment contains two sections that purport to list the undisputed issues of material fact. The first consists of twenty-one paragraphs,[1] only four of which contain any reference to the record. The citations used in those four paragraphs refer to only exhibits to the brief *in toto*, some of which exceed ten pages in length and two of which are both labeled "Exhibit A." The second section consists of three legal conclusions with no citation to either the record or to law.[2] Counsel for Defendants has failed to comply with either the letter or the spirit of Rule 56 of the Federal Rules of Civil Procedure, and the Court declines to extend to Defendants the indulgence afforded *pro se* litigants. Accordingly, Defendants' motion for summary judgment (Docket No 51) is DENIED WITHOUT PREJUDICE to resubmit in a proper manner.

An appropriate order will issue.

/s/
Richard L. Williams
United States District Judge

Date: MAY 1 1 2009
Richmond, Virginia

---

[1] Counsel has numbered neither the paragraphs nor the pages of the brief in support or the exhibits, making it unnecessarily difficult for both the Court and opposing counsel to respond to the statements therein.

[2] Indeed, counsel has cited to only one district court case in explaining why Defendants' actions did not violate any of Plaintiff's federal rights.

2