IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**ROBERT REYNOLDS,**

    Plaintiff,

v.                                   Civil Action No. **3:07CV700**

**NORTHERN NECK REGIONAL JAIL
AUTHORITY,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a federal prisoner, filed this action pursuant to 42 U.S.C. § 1983 seeking to recover for injuries suffered at Northern Neck Regional Jail ("NNRJ"). Plaintiff named as Defendants Northern Neck Regional Jail Authority ("NNRJA"); Jeffrey Frazier, Superintendent of Northern Neck Regional Jail; Major Hull, Assistant Superintendent of NNRJ; Ms. Clark, a grievance coordinator at NNRJ; and John and Jane Does One through Six, unknown corrections officers at NNRJ who failed to respond swiftly when Plaintiff was attacked.

Plaintiff raises the following claims:

Claim 1    Defendants violated Plaintiff's right to be free from cruel and unusual punishment by:

    a)    failing to transfer Plaintiff from Pod A after two written requests;
    b)    failing to detect and prevent federal inmates from dominating Pod A through force;
    c)    failing to intervene when a federal inmate known as Boo struck Plaintiff in the eye with a wooden cane; and,
    d)    failing, during transportation to follow-up appointments after Plaintiff's eye surgery, to separate Plaintiff from other federal inmates who threatened to blind him, causing Plaintiff to refuse transportation.

Claim 2    Defendants negligently caused Plaintiff's injuries.

| | |
|---|---|
| Claim 3 | Defendants NNRJ, Frazier, Hull, and John and Jane Doe Defendants 4-6 negligently hired and retained Defendant Clark and Defendants John and Jane Doe 1-4. |
| Claim 4 | "U.S.C. TITLE 42-1983 VIOLATION OF CIVIL RIGHTS DUE TO GROSS NEGLIGENCE." (Am. Compl. 13.) |
| Claim 5 | "U.S.C. TITLE 42-1983 VIOLATION OF CIVIL RIGHTS DUE TO GROSS NEGLIGENCE IN HIRING AND RETENTION." (Am. Compl. 15.) |

Currently before the Court is the motion for summary judgment by Defendants NNRJ Authority, Clarke, Frazier, and Hull (hereinafter "Defendants"). Defendants contend, *inter alia*, that Plaintiff has failed to exhaust administrative remedies available at NNRJ. Plaintiff has responded to the motion for summary judgment.

## I. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is to be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Because exhaustion of administrative remedies is an affirmative defense, Defendants bear the burden of pleading and proof. *Jones v. Bock*, 549 U.S. 199, 216 (2007). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ. P. 56(c) and 56(e) (1986)); *see also*

*Collins v. Landmark Military Newspapers, Inc.*, No. 2:06cv342, 2007 WL 2301549, at *16 (E.D. Va. Aug. 6, 2007) (explaining that plaintiff must produce evidence showing a genuine issue for trial when the defendant produces evidence supporting an affirmative defense) (quotation omitted). In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Nevertheless, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)).

Defendants have submitted affidavits, records, and relevant portions of a deposition. Plaintiff has submitted affidavits, records, answers to interrogatories, portions of a deposition, and a copy of the NNRJ grievance procedure. In light of the foregoing principles, the following facts are established for purposes of this motion for summary judgment.

## II. UNDISPUTED FACTS

### A. Events Leading to Plaintiff's Injury

In 2006, Plaintiff was incarcerated at NNRJ as a federal pretrial detainee. On March 27, 2006, Plaintiff submitted a request to be moved to a different pod. Plaintiff submitted the request because a gang of federal inmates from Richmond ("the Richmond gang") was controlling the pod and intimidating other inmates. The request, however, states only that "I don't feel comfortable in here and I would like to move to [an] open dorm because I don't get in any trouble so there [shouldn't] be a problem." (Defs.' Mot. Summ. J. Ex. 5.) On April 18, 2006,

Defendant Clarke denied the request due to lack of available space. Plaintiff did not tell anyone at NNRJ that he believed he was in danger.

On April 25, 2006, while playing basketball, Plaintiff got into an argument with a member of the Richmond gang known as Boo. Plaintiff took a shower after he finished playing basketball. When Plaintiff returned to his cell, he noticed that some personal items, including a radio, were missing from his cell. Plaintiff later saw the missing items in Boo's cell. Plaintiff approached Boo and requested he return the radio. Boo and other members of the Richmond gang told Plaintiff they would not give the items back. Plaintiff then entered the cell and attempted to take back his items. Boo and other members of the Richmond gang assaulted him. Eventually, Boo grabbed a wooden cane from another inmate and struck Plaintiff once, damaging the bone around his right eye.

Plaintiff was taken to a hospital for emergency surgery. Unfortunately, doctors were unable to repair his right eye. Plaintiff is now blind in his right eye.

### B. Events Pertaining to Denial of Post-Surgical Care

Doctors instructed Plaintiff to return for follow-up care and placement of a glass eye. When NNRJ officers attempted to transport Plaintiff, however, members of the Richmond gang were present in the vehicle. Plaintiff refused to ride with the Richmond gang members, who threatened to assault him and to destroy his remaining eye. Consequently, Plaintiff did not receive any follow-up care for several months.

### C. NNRJ'S Grievance System

NNRJ maintains a four-level grievance system. The first level is to invoke the informal grievance process by completing an inmate request form within seven days of the date of the

event giving rise to the complaint. An inmate unsatisfied by the informal process may invoke the formal grievance process by filing a formal grievance within seven days of receiving the response to the informal request. The formal grievance should include a copy of the denial of the inmate request. An inmate unsatisfied with the response to the formal grievance may appeal to the Assistant Superintendent within eight days of receipt of the denial. Finally, inmates may appeal the decision of the Assistant Superintendent to the Superintendent with eight days of receiving the response. The decision of the Superintendent is final.

### III. SUMMARY JUDGMENT ANALYSIS

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of the exhaustion requirement is "to reduce the quantity and improve the quality of prisoner suits" by "afford[ing] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Generally, in order to satisfy the exhaustion requirement, the inmate must file a grievance raising the claim and pursue the grievance through all available levels of appeal. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Additionally, the Supreme Court has instructed that section 1997e(a) "requires proper exhaustion." *Id.* at 93. The Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "'so that the agency addresses the issues on the merits.'" *Id.* (internal parentheses omitted) (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus,

the applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

The parties' submissions demonstrate that Plaintiff has not properly exhausted the available administrative remedies. Plaintiff's March 27, 2006 submission did not indicate that he was in any danger in A Pod, and did not afford NNRJ officials any opportunity to address his claims. The parties dispute whether Plaintiff filed any other written grievances. Nevertheless, although Plaintiff produced affidavits averring that he filed written grievances, he fails to demonstrate that any of his grievances contained sufficient detail to alert NNRJ officials to his concerns. Plaintiff avers that he filed a second request on or about April 18, 2006, but only wrote to Defendant Clark that he "needed to speak to her, a meeting." (Mem. in Opp. to Def.'s Mot. for Summary J., Reynolds Aff. 38.) These statements did not indicate to NNRJ officials that Plaintiff was in any danger, and are therefore insufficient to exhaust his present claims. *See Moore v. Bennette*, 517 F.3d 717, 729 (4th Cir. 2008) (concluding that grievances pertaining to medical care for inmate's pancreatic condition and Hepatitis C did not exhaust claims pertaining to inadequate medical care for gout; *see also Griffin v. Arpaio*, 557 F. 3d 1117, 1120 (9th Cir. 2009) (citing cases for the proposition that "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought'" (*quoting Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002))).[1]

Plaintiff also avers that, after he was physically able to do so, he filed a grievance regarding the attempt by NNRJ officials to transport him in the same vehicle as members of the

---

[1] Additionally, Plaintiff has not demonstrated compliance with NNRJ's requirement that prisoners "state the specific nature of their complaint" in any grievance. (Pl.'s Supp'l Mem. in Opp. to Def.'s Mot. for Summary J., Ex. 1, at 19.)

Richmond gang, Plaintiff explains that "I wrote a grievance then seeking again to be separated from the Federal prisoners just as stated in my request in March, 2006." (Pl.'s Supp. Aff. ¶ 15.) Especially in light of the reference to the insufficient March 27, 2006 inmate request, Plaintiff's statement fails to create any genuine issue of material fact as to whether Plaintiff filed any grievance sufficient to exhaust his present claims.

## IV. CONCLUSION

Defendants' motion for summary judgment will be GRANTED. Plaintiff's claims against Defendants will be DISMISSED.

Plaintiff has not identified or served with process the six remaining John and Jane Doe Defendants. Accordingly, Plaintiff is DIRECTED to show cause, within fourteen (14) days of the date of entry hereof, for not dismissing the Jane and John Doe Defendants for Plaintiff's failure to timely serve process. *See* Fed. R. Civ. P. 4(m).

An appropriate Order will issue.

It is so ORDERED.

/s/
Richard L. Williams
United States District Judge

Date: APR 2 2 2010
Richmond, Virginia